CADES SCHUTTE
A Limited Liability Law Partnership

| CALVERT G. CHIPCHASE | 7757-0 |
| LISA K. SWARTZFAGER | 10867-0 |
| MICHAEL L. HOKE | 11324-0 |
| MALLORY T. MARTIN | 10211-0 |

Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Email: cchipchase@cades.com
        lswartzfager@cades.com
        mhoke@cades.com
        mmartin@cades.com

Attorneys for Defendants
CP IV WATERFRONT, LLC and GREP
SOUTHWEST, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANDRA LETHGO, on behalf of herself and all similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>CP IV WATERFRONT, LLC d/b/a KAPILINA BEACH HOMES; GREP SOUTHWEST, LLC and DOE Defendants 1-10,<br><br>        Defendants. | CIVIL NO.<br><br>**DEFENDANTS CP IV WATERFRONT, LLC d/b/a KAPILINA BEACH HOMES' AND GREP SOUTHWEST, LLC'S NOTICE OF REMOVAL**<br><br>**DECLARATION OF KATHY MARA**<br><br>**DECLARATION OF LISA K. SWARTZFAGER**<br><br>**EXHIBITS 1-4** |

CERTIFICATE OF SERVICE

## NOTICE OF REMOVAL

Defendants CP IV WATERFRONT, LLC d/b/a KAPILINA BEACH HOMES ("**Kapilina**") and GREP SOUTHWEST, LLC ("**GREP**") (together, "**Defendants**") give notice of removal of this action from the Circuit Court of the First Circuit, State of Hawaiʻi, to the United States District Court for the District of Hawaiʻi ("**Notice of Removal**") pursuant to 28 U.S.C. §§ 1332, 1442, and 1446, with reservation of all defenses and rights. As set forth below, this case is properly removed to this Court pursuant to the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d) and, independently, pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442. In support of its Notice of Removal, Defendants state the following:

### I.    STATE COURT ACTION

Plaintiff ANDRA LETHGO, on behalf of herself and all similarly situated persons ("**Plaintiffs**") filed a complaint in the Circuit Court of the First Circuit, State of Hawaiʻi, against Defendants on January 4, 2022. *See* Ex. 1 (Complaint and Summons). Plaintiffs filed an amended complaint (the "**Amended Complaint**") on January 24, 2022. Ex. 2

(Amended Complaint and Summons). The state court case is designated as Civil No. 1CCV-22-0000005.

Kapilina is the landlord and GREP is the property manager of a residential community at Iroquois Point in West Oahu known as Kapilina Beach Homes. *See* Mara Decl. ¶ 2. In their Amended Complaint, Plaintiffs assert claims on behalf of all tenants and occupants of residential housing at Kapilina Beach Homes related to fuel leaks at Red Hill Bulk Fuel Storage Facility (hereinafter, the "**Red Hill Facility**") maintained by the United States Department of the Navy (the "**Navy**"). *See* Ex. 2 (Amended Complaint) ¶ 5. Plaintiffs allege that "in November 2021, fuel leaks from the Red Hill facility resulted in contamination of drinking water supplied to Plaintiffs' communities and forced the unreasonable eviction of thousands of Plaintiff Tenants without cause." *Id.* ¶ 21.

Plaintiffs assert eight causes of action, including for breach of contract, breach of the implied warranty of habitability, violation of Hawaii Revised Statutes ("**HRS**") Chapter 521, unfair and deceptive acts and practices / unfair methods of competition, nuisance, wrongful eviction, strict liability and trespass. Plaintiffs seek general, special,

treble, and consequential damages in an amount to be proven at trial. *Id.* at p. 16. Plaintiffs further seek attorneys' fees and costs, disgorgement of profits, return of rents and other remedies under HRS § 521, prejudgment interest, punitive damages, and available injunctive relief including rescission of leases. *Id.*

## II.   RECEIPT OF PLAINTIFFS' INITIAL PLEADINGS BY DEFENDANTS

Defendants were served with a copy of Plaintiffs' Complaint on January 7, 2022. *See* Ex. 3 (returns of service).

## III.   THE COURT HAS JURISDICTION OVER THIS CASE PURSUANT TO THE CLASS ACTION FAIRNESS ACT

CAFA extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed plaintiff class, and any member of the proposed class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Each of those requirements is met here, and the requirements are discussed in turn below.

### A.   This Case Is a Class Action.

First, this matter is a class action within the meaning of CAFA. CAFA defines a "class action" as "any civil action filed under rule 23 of

the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiffs seek to bring this case as a class action under Hawai`i Rule of Civil Procedure 23—Hawai`i's analog to Rule 23 of the Federal Rules of Civil Procedure, which authorizes a representative party to bring suit on behalf of a class. *Compare* Haw. R. Civ. P. 23 *with* Fed. R. Civ. P. 23; *see* Am. Compl. ¶ 23.

Accordingly, this case qualifies as a class action under CAFA.

## B.    <u>The Amount in Controversy Exceeds $5,000,000.</u>

Second, the aggregate amount in controversy is met. For a case to be removable under CAFA, the aggregate amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6). The amount in controversy is calculated by aggregating the claims of the individual class members. 28 U.S.C. § 1332(d)(6). Additionally, attorneys' fees and punitive damages are included in the amount in controversy. *California Spine & Neurosurgery Inst. v. Health Care Serv. Corp.*, No. CV1904506DSFSKX, 2019 WL 3219136, at *2 (C.D. Cal. July 16, 2019).

If the complaint does not allege a specific amount in controversy, the party seeking federal jurisdiction must establish the amount in controversy by a preponderance of the evidence. *Lewis* v. *Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (citation omitted).

Here, Plaintiffs allege eight claims on behalf of all tenants and occupants of Kapilina Beach Homes and assert that the proposed class members "have sustained harm, expenses and other damages in an amount to be proven at trial, which include, but are not limited to: a. Overpayment for rent . . . [and] b. Loss of use and enjoyment in their homes and community." Am. Compl. ¶¶ 34, 43, 53, 60, 65, 69, 82.

The amount in controversy requirement is met on these allegations alone. There are 1,459 residential units at Kapilina Beach Homes. Mara Decl. ¶ 3. There were approximately 4,365 residents at Kapilina Beach Homes during November 2021 and approximately 4,307 residents during

December 2021. *Id.* ¶ 4. Monthly rent ranges from $2,887 to $6,100. *Id.* ¶ 6.

Thus, using a conservative estimate of 4,000 potential members of the proposed plaintiff class, the $5,000,000 threshold will be met if each member of the proposed class has $1,250 in alleged damages at issue— less than half the amount of the lowest rent payment for one month.

In addition to these sums, Plaintiffs also allege that under the terms of their leases, as the prevailing party, they are entitled to attorneys' fees and costs. Am. Compl. ¶ 35. Plaintiffs also assert a claim for unfair and deceptive trade practices and unfair methods of competition under HRS Chapter 480 and seek treble damages. *Id.* ¶¶ 16, 55-61. Plaintiffs further seek punitive damages. *Id.* at Prayer for Relief.

Accordingly, in aggregate, there is more than $1,250 at issue for each proposed class member premised on a conservative proposed class of 4,000. Therefore, the aggregate amount in controversy exceeds $5,000,000.[1]

---

[1] The amount in controversy represents only what Plaintiffs request at this stage in the proceeding. This is not an admission that Plaintiffs are entitled to recover this amount. *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. To establish the

**C.**    **There Are at Least 100 Members of the Proposed Class.**

CAFA confers jurisdiction over class actions with at least 100 proposed class members. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiffs allege that that "more than 100 tenants have been forcibly evicted by Defendants." Am. Compl. ¶ 24. Plaintiffs also allege that the fuel leak "forced the unreasonable eviction of thousands of Plaintiff Tenants without cause." *Id.* ¶ 21.

Accordingly, there are at least 100 proposed class members.

**D.**    **At Least One Proposed Class Member Has Different Citizenship than Defendants.**

Under CAFA, class actions need only have minimal diversity between the parties as opposed to complete diversity. *See* 28 U.S.C. § 1332(d)(2)(A). Thus, a case satisfies CAFA's diversity requirement as long as at least one member of the proposed class is a citizen of a different state than at least one defendant. *Id.* Here, minimal diversity is satisfied under CAFA because Kapilina is a citizen of Hawai`i and one or more members of the proposed class have citizenship in states other than Hawai`i. Minimal diversity is further established because GREP is a

---

jurisdictional amount, [the defendant] need not concede liability for the entire amount[.]" (citations omitted)).

citizen of Delaware and Arizona for purposes of CAFA, and members of the proposed plaintiff class are citizens of states other than Delaware and Arizona.

***Citizenship of Defendants.*** For purposes of minimal diversity under CAFA, 28 U.S.C. § 1332(d)(10) provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." The majority of courts that have considered this issue have held that LLCs are "unincorporated associations" under CAFA. *See Jack v. Ring LLC*, No. 21-CV-00544-HSG, 2021 WL 3510291, at *2–3 (N.D. Cal. Aug. 10, 2021) (citing cases).

Kapilina is incorporated under the laws of Hawai`i and its principal place of business is in Hawai'i. Mara Decl. ¶ 7. GREP is incorporated under the laws of Delaware and has its principal place of business in Arizona. *Id.* ¶ 8; *see* Ex. 4 (BREG printout for GREP).

***Citizenship of Proposed Class Members.*** If a natural person (as those in the proposed class here) is a citizen of the United States, the natural person's citizenship is determined by her state of domicile. *Adams v. W. Marine Products, Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

9

"One's domicile is her 'permanent home'—that is, where (i) she resides, (ii) with the intention to remain or to which she intends to return." *Id.* (internal quotations omitted). A person's residence constitutes "*some* evidence of domicile," but is not dispositive. *Id.*

Members of the proposed class are not citizens of Hawai`i and have presented themselves as having permanent homes in states other than Hawai`i. Mara Decl. ¶ 9. Therefore, the requisite minimal diversity is satisfied.

Many tenants at Kapilina Beach Homes are members of the United States military. *Id.* ¶ 10. For purposes of a diversity analysis, "there is a presumption that an individual retains his or her domicile upon entry into the military and assignment to another state." *In re Ski Train Fire In Kaprun, Austria on Nov. 11, 2000*, 257 F.Supp.2d 717, 725 (S.D.N.Y. 2003); *see also Melendez-Garcia v. Sanchez*, 629 F.3d 25, 41 (1st Cir. 2010) ("Service personnel are presumed not to acquire a new domicile when they are stationed in a place pursuant to orders; they retain the domicile they had at the time of entry into the services.") (quoting 13E Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3617, at 607 (3d ed. 2009)).

The presumption also applies to the families of military members. *See In re Ski Train Fire*, 257 F.Supp.2d at 726 (common sense, consistency and fairness require presumption that military members domicile does not change when he or she is stationed in a different state applies to military spouses who accompany their husbands or wives on a tour of duty).

Kapilina's records show that many of the military members moved to Kapilina Beach Homes from a state other than Hawai`i, including Alaska, Arkansas, Kentucky, Washington, Oregon, Texas, California, Mississippi, Oklahoma, Tennessee, Florida, Nevada, Utah, Wyoming, Louisiana, Kansas, Missouri, Illinois, Minnesota, Michigan, Indiana, Ohio, Alabama, Georgia, South Carolina, North Carolina, Virginia, Maryland, Delaware, Pennsylvania, New York, and Colorado. Mara Decl. ¶ 11. These records include rental applications. *Id.*

Accordingly, there is minimal diversity between the proposed class members and Defendants.

## IV. THE COURT HAS JURISDICTION OVER THIS CASE PURSUANT TO THE FEDERAL OFFICER REMOVAL STATUTE

Removal is independently authorized under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1) ("**Section 1442**"), because

Defendants' challenged conduct—leasing and managing its residential units—is performed pursuant to agreements with the Navy.

28 U.S.C. § 1442(a)(1) provides for removal of an action against "any officer (**or any person acting under that officer**) of the United States or of any agency thereof . . . **for or relating to any act** under color of such office." (Emphasis added). The Supreme Court has held that the words "acting under" are broad, and that the Federal Officer Removal Statute must be "liberally construed." *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 151-52 (2007). "[T]he **right of removal is absolute** for conduct performed under color of federal office." *Shiraishi v. Kubo*, No. CV. 11-00225 DAE-BMK, 2011 WL 2532498, at *2 (D. Haw. June 23, 2011) (citation omitted)) (emphasis added).

A party seeking removal under Section 1442 need only show that "(a) it is a 'person' within the meaning of the statute, (b) there is a causal nexus between plaintiffs' claims and its actions, taken pursuant to a federal officer's direction, and (c) it can assert a 'colorable federal defense.'" *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017). Defendants satisfy all three elements.

A.    **Defendants Are Persons within the Meaning of Section 1442.**

Limited liability companies are considered "persons" for purposes of Section 1442. *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F.Supp.2d 524, 530 (E.D. La. 2011) (collecting cases allowing limited liability companies to remove under Section 1442). Kapilina and GREP are limited liability companies and thus, qualify as a person under Section 1442. *See id.*

B.    **There Is a Causal Nexus Between Plaintiffs' Claims and Defendants' Actions Taken Pursuant to the Navy's Direction.**

Defendants satisfy the second element for federal officer removal because it performed the challenged conduct—leasing and managing its residential units—while acting under the direction of the Navy.

The Ninth Circuit has explained that "the hurdle erected by the causal-connection requirement is quite low" and has described this prong as having a "low bar." *Goncalves*, 865 F.3d at 1245 (internal brackets removed). "For a private entity to be acting under a federal officer, the private entity must be involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Id.* (internal quotations and emphases removed).

In this case, Plaintiffs allege that Defendants **"manage and lease residential housing . . . under agreements with the United States Department of the Navy**." Ex. 2 (Am. Compl.) ¶ 11 (emphasis added). Plaintiffs also allege the following regarding the Navy and the Red Hill Facility:

> a. Plaintiffs have been forcibly evicted "due to contaminated drinking water **caused by fuel leaks associated with the Red Hill Bulk Fuel Storage Facility ('Red Hill') maintained by the United States Department of the Navy**." *Id.* ¶ 5 (emphasis added).
>
> b. The services provided by Defendants includes "the provision of potable water through the Joint Base Pearl harbor-Hickam Water System, which is maintained by [the Navy]." *Id.* ¶13.
>
> c. The water supply for the leased housing "has not been sufficiently protected from the risk of fuel contamination **associated with repeated leaks of petroleum fuel from the United States Department of the Navy's Red Hill Bulk Fuel Storage Facility**." *Id.* ¶ 16 (emphasis added).

Accordingly, the allegations in Plaintiffs' Amended Complaint establish that the Navy leases land to Kapilina, that the Navy constructed and exercised control over the Red Hill Facility and the water system at issue, and that Defendants' actions related to leasing and managing its residential units were done pursuant to agreements with the Navy as part of a public-private venture. Additionally, all claims in Plaintiffs' Amended Complaint are based on the water contamination

14

from the Red Hill Facility, which Plaintiffs assert is maintained and controlled by the Navy. Accordingly, the requisite nexus between Plaintiffs' claims and their allegations regarding Defendants' actions taken while acting under the direction of the Navy exists. *See Goncalves*, 865 F.3d at 1245–49.

## C.    Defendants Have a Colorable Federal Defense.

To establish a colorable federal defense, "a defendant need not assert a clearly sustainable defense, nor does it need to win [its] case before [it] can have it removed." *Leite v. Crane Co.*, 868 F. Supp. 2d 1023, 1027–28 (D. Haw. 2012), *aff'd,* 749 F.3d 1117 (9th Cir. 2014) (quotations omitted). "Rather, where a defendant seeks removal pursuant to the federal officer removal statute, 'no determination of fact is required but it must fairly appear from the showing made that [the defendant's removal] claim is not without foundation and is made in good faith.'" *Id.* (quoting *Colorado v. Symes,* 286 U.S. 510, 519 (1932)). For purposes of determining whether a defense is colorable, the facts are viewed in the light most favorable to the defendant. *Id.* at 1030-31.

Defendants have a colorable federal defense, namely, the "government contract defense," which generally "protects government

contractors from tort liability that arises as a result of the contractor's compliance with the specifications of a federal government contract." *Coury v. Air & Liquid Sys. Corp.*, No. 3:17-1240-SI, 2018 WL 702685, at *8 (D. Or. Feb. 2, 2018). Here, Defendants are entitled to derivative sovereign immunity and the government contractor defense pursuant to Kapilina's contract with the Navy and Plaintiffs' allegations of the Navy's control over the water system at issue. Indeed, the claims in Plaintiffs' Amended Complaint are related to contaminated water from the Red Hill Facility. *See supra*, at 13-14. As alleged by Plaintiffs in the Amended Complaint, the Red Hill Facility is under the control of the Navy and allegedly provided water through Kapilina as part of an agreement with the Navy. *See* Am. Compl. ¶¶ 5, 11, 13, 16.

Accordingly, removal is proper pursuant to the Federal Officer Removal Statute.

## V.    TIMELINESS OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because thirty days have not elapsed since January 7, 2022—the date on which Defendants were served with the initial complaint. *See Murphy Bros. Inc.*

*v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999) (thirty-day removal period begins to run when defendant is formally served).

## VI.  STATE COURT PLEADINGS.

As 28 U.S.C. § 1446(a) requires, Defendants attach hereto all process, pleadings, and orders served on Defendants in this case.

## VII.  NOTICE TO STATE COURT AND PLAINTIFFS

Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice to Plaintiffs and shall file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court.

In filing this Notice of Removal, Defendants do not waive any defense, exception, right, or motion. Defendants specifically reserve all defenses, exceptions, rights and motions. No statement or omission here shall be deemed to constitute an admission by Defendants of any of the allegations or damages sought in the Amended Complaint.

WHEREFORE, Defendants remove this action from the Hawaiʻi Circuit Court of the First Circuit to the United States District Court for the District of Hawaiʻi.

DATED:  Honolulu, Hawaiʻi, February 2, 2022.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Calvert G. Chipchase*
CALVERT G. CHIPCHASE
LISA K. SWARTZFAGER
MICHAEL L. HOKE
MALLORY T. MARTIN
Attorneys for Defendants
CP IV WATERFRONT, LLC d/b/a
KAPILINA BEACH HOMES and
GREP SOUTHWEST, LLC

18