CADES SCHUTTE
A Limited Liability Law Partnership

CALVERT G. CHIPCHASE 7757
LISA K. SWARTZFAGER 10867
MICHAEL L. HOKE 11324
MALLORY T. MARTIN 10211
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Email: cchipchase@cades.com
lswartzfager@cades.com
mhoke@cades.com
mmartin@cades.com

Attorneys for Defendants
CP IV WATERFRONT, LLC and
GREP SOUTHWEST, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDRA LETHGO, on behalf of herself and all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CP IV WATERFRONT, LLC d/b/a KAPILINA BEACH HOMES; GREP SOUTHWEST, LLC; and DOE Defendants 1-10,<br><br>Defendants. | CIVIL NO. 1:22-cv-00052-JAO-WRP<br><br>**STIPULATION REGARDING REMAND OF CIVIL CASE NO. 1:22-CV-00052-JAO-WRP TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII; ORDER**<br><br>Judge: Honorable Jill. A. Otake<br><br>Trial Date: none |

# STIPULATION REGARDING REMAND OF CIVIL CASE NO. 1:22-CV-00052-JAO-WRP TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII

Plaintiff ANDRA LETHGO (“**Plaintiff**”), and Defendants CP IV WATERFRONT, LLC d/b/a KAPILINA BEACH HOMES and GREP SOUTHWEST, LLC (together, the “**Defendants**” and collectively with Plaintiff, the “**Parties**”), pursuant to Local Rule 10.5 of the United States District Court for the District of Hawaiʻi, and the Court’s February 21, 2023 joint status conference with the case entitled *Lozano, et al. v. CP IV Waterfront, LLC*, CV 22-00053 LEK-RT, hereby stipulate as follows:

## I. RELEVANT BACKGROUND.

1. On January 4, 2022, Plaintiff filed a Complaint in the Circuit Court of the First Circuit, State of Hawaiʻi, against Defendants, designated as Civil No. 1CCV-22-0000005 (the “**Lethgo State Court Action**”).

2. On January 24, 2022, Plaintiff filed a First Amended Complaint (“**FAC**”).

3. On February 2, 2022, Defendants removed the Lethgo State Court Action pursuant to the Class Action Fairness Act (“**CAFA**”), 28 U.S.C. § 1332(d) and, independently, pursuant to the Federal Officer

Removal Statute, 28 U.S.C. § 1442 (the "**Federal Officer Removal Statute**" or "**Section 1442**"). Dkt. 1.

4. On February 9, 2022, Defendants filed their Motion to Dismiss Plaintiff's FAC. Dkt. 6.

5. On March 2, 2022, Plaintiff filed a Motion for Remand. Dkt. 12.

6. On March 15, 2022, in light of Plaintiff's Motion for Remand, the Court terminated Defendants' Motion to Dismiss without prejudice to refiling if the case remained in federal court. Dkt. 17.

7. On April 8, 2022, Defendants filed their Opposition to Plaintiff's Motion for Remand. Dkt. 19.

8. On April 22, 2022, Plaintiff filed its Reply memorandum in support of Plaintiff's Motion for Remand. Dkt. 20.

9. On May 20, 2022, the Court conducted the hearing on Plaintiff's Motion for Remand. Dkt. 21.

10. On June 16, 2022, the Court entered an Order Granting in Part Plaintiff's Motion for Remand. Dkt. 23 (the "**Order Granting in Part Plaintiff's Motion for Remand**"). The Court concluded that federal jurisdiction was not proper under the Federal Officer Removal

Statute and that Plaintiff did not challenge Defendants' removal under CAFA. The Court granted Plaintiff's request for limited jurisdictional discovery concerning the putative class members' citizenship for purposes of determining whether a CAFA exception applied to the case. *See id.* at 19–20.

11. The Parties began limited jurisdictional discovery in August 2022, which continued through January 2023.

12. On January 10, 2023, the Court set February 28, 2023 as the deadline for Plaintiff to file a renewed motion for remand. Dkt. 40.

13. On February 21, 2023, a joint status conference was held with case entitled *Lozano, et al. v. CP IV Waterfront, LLC*, CV 22-00053 LEK-RT. Following the February 21, 2023 status conference, the Court extended the deadline for Plaintiff to file a renewed motion for remand to March 10, 2023. Dkt. 43.

## II. THE PARTIES' ACKNOWLEDGMENT REGARDING REMAND.

14. Pursuant to Section 1332(d)(4)(A) of CAFA, a district court shall decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was

filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state.

15. After the jurisdictional discovery period was completed, the Parties agreed that it is more likely than not that greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of Hawai‘i, the alleged principal injuries likely occurred in Hawai‘i, and at least one defendant is a citizen of Hawai‘i.

16. Pursuant to 28 U.S.C. § 1447(d), "an order remanding a case to the State Court from which it was removed pursuant to Section 1442 . . . shall be reviewable by appeal or otherwise."

17. Defendants' Notice of Removal was based on Section 1442, the Federal Officer Removal Statute, as well as CAFA.

18. The June 16, 2022, Order Granting in Part Plaintiff's Motion for Remand was not a final order of remand. As such, the Order Granting in Part Plaintiff's Motion for Remand, regarding removal based on the Federal Officer Removal Statute, was not reviewable under 28 U.S.C. § 1447(d).

19. The Parties stipulate and agree that Defendants' right under 28 U.S.C. § 1447(d) to seek review of an order remanding a case that was

removed pursuant to the Federal Officer Removal Statute will be triggered by this Stipulation and Order.

20. The Parties stipulate and agree that this Stipulation and Order expressly incorporate the Court's June 6, 2022 Order Granting in Part Plaintiff's Motion for Remand.

21. Accordingly, the Parties stipulate and agree that this Stipulation Regarding Remand is expressly subject to Defendants' right, under 28 U.S.C. § 1447(d), to seek review by appeal or otherwise of the Court's Order Granting in Part Plaintiff's Motion for Remand with respect to the Court's conclusion that removal under Section 1442, the Federal Officer Removal Statute, should be denied.

22. Thus, it is understood and agreed that Defendants expressly reserve their right to seek review by appeal or otherwise of the Court's conclusion that this case is not removable under Section 1442.

23. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses."

24. Defendants are entitled to move for a stay of the Order Granting in Part Plaintiff's Motion for Remand pending appeal.

25. The Parties, in consideration of Plaintiff's right to seek fees and costs incurred as a result of removal on the one hand, and Defendants' right to seek a stay pending appeal on the other hand, and in contemplation of the time and expense incurred in seeking fees and costs and a stay, further stipulate and agree to waive their respective rights to seek fees and costs incurred as a result of removal and a stay pending appeal.

IT IS SO STIPULATED.

DATED: Honolulu, Hawai'i, March 20, 2023.

*/s/ Lisa K. Swartzfager*
CALVERT G. CHIPCHASE
LISA K. SWARTZFAGER
MICHAEL L. HOKE
MALLORY T. MARTIN

Attorneys for Defendants
CP IV WATERFRONT, LLC d/b/a
KAPILINA BEACH HOMES, and
GREP SOUTHWEST, LLC

*/s/ P. Kyle Smith*
TERRANCE M. REVERE
MICHAEL JAY GREEN
P. KYLE SMITH

Attorneys for Plaintiff

# ORDER OF REMAND OF CIVIL CASE NO. 1:22-CV-00052-JAO-WRP TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII

Pursuant to the Stipulation Regarding Remand of Civil Case No. 1:22-CV-00052-JAO-WRP (the "**Lethgo Action**") to the Circuit Court of the First Circuit, State of Hawaii, dated March 20, 2023, the Lethgo Action and all filed herein are REMANDED to the Circuit Court of the First Circuit, State of Hawai'i for further proceedings.

APPROVED AND SO ORDERED.

DATED: Honolulu, Hawai'i, March 20, 2023.

Jill A. Otake
United States District Judge